IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USAMA S. ABDEL WAHAB[1] | : | |
| | : | |
| Petitioner, | : | CV-05-402 |
| | : | CV-05-763 |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF | : | (Judge McClure) |
| HOMELAND SECURITY, | : | |
| U.S. ATTORNEY GENERAL, | : | |
| | : | |
| Respondents, | : | A #79 120 260 |

**O R D E R**

May 11, 2005

**BACKGROUND:**

Petitioner, Usama Sadik Abel Whab ("Whab"), is currently under an

Immigration Judge's (IJ's) final order of removal,[2] is in the custody of Immigration

---

[1]Petitioner had previous petitions docketed under the spelling Usama S. Abdel Whab. In filings petitioner has spelled his name both as Wahab and Whab.

[2]An IJ found Whab was a native and citizen of Egypt. On January 30, 2004, an IJ suspended Whab's applications for voluntary departure and adjustment of resident status and ordered him removed for non-compliance with his student visa, 8 U.S.C. § 1227(a)(1)(C), and for making a false claim of United States citizenship, 8 U.S.C. § 1227(a)(3)(D). On June 18, 2004, the Board of Immigration Appeals (BIA) dismissed Whab's appeal and the IJ's order for removal became final. The BIA also found that Whab was not eligible for a waiver from removal because he had made a false claim of citizenship.

and Customs Enforcement (ICE), and detained at the Pike County Correctional Facility, Lords Valley, Pennsylvania.

Whab is a frequent filer. This court is aware of seven petitions that Whab has filed under § 2241 with the district courts. Five of these petitions were filed in the Middle District of Pennsylvania. The two remaining petitions were filed with Judge Joyner in the Eastern District of Pennsylvania. All of the petitions in some way either challenge Whab's detention and removal, or collaterally challenge Whab's criminal conviction in the Southern District of New York, which relates to the IJ's final order of removal. Whab has also filed three petitions directly with the Third Circuit,[3] and has appealed three cases to the Third Circuit.[4]

We will now dismiss Whab's § 2241 petitions docketed to CV-05-402 and CV-05-0763.

**DISCUSSION:**

---

[3] Abdel-Whab v. Ashcroft, (3d Cir. filed Dec. 30, 2004) (No. 04-4794); Abdel-Whab v. Aschroft, (3d Cir. filed Jan. 31, 2005) (No. 05-1294); Abdel-Whab v. Attorney General USA, (3d Cir. filed May 3, 2005) (No. 05-2406).

[4] Whab's appeals from Judge Joyner's dismissals of both of his § 2241 petitions in the Eastern District, Third Circuit docket numbers 05-1880 and 05-1960, have been consolidated onto docket number 05-1880. Whab also appealed Judge Muir's dismissal of a "petition for a writ of mandamus" which was filed on March 16, 2005 and docketed to Middle District number CV-05-536. On May 9, 2005, that appeal was dismissed by the circuit court for failure to prosecute. Abdel-Whab v. BICE, (3d Cir. May 9, 2005) (No. 05-2137).

I.  History of Whab's Petitions

Whab's first pair of § 2241 petitions, docket numbers CV-04-787 and CV-04-1502, were consolidated under docket number CV-04-787.  On December 22, 2004, we dismissed that petition, and Whab did not appeal.

Unbeknownst to this court at the time of dismissing that petition and lifting a stay that we had placed on his removal, Whab had filed a duplicative third § 2241 petition in the Eastern District of Pennsylvania docketed to case number CV-04-5386 and before District Judge Joyner.  As a result of that petition, Whab had also secured a stay of his removal from that court.

On January 6, 2005, Whab filed his fourth § 2241 petition, which primarily sought to vacate his criminal convictions in the Southern District of New York, in the Eastern District of Pennsylvania also before Judge Joyner and to docket number CV-05-59.  On March 3, 2005, Judge Joyner dismissed both Whab's third and fourth petitions, as the undersigned judge had addressed them in our December 22, 2004 order.  Abdel-Whab v. Ridge,, 2005 WL 551352 (E.D. Pa. Mar. 3, 2005) (Nos. CV 04-5386 & CV-05-59).

Prior to Judge Joyner's order Whab had already filed the § 2241 petition in the Middle District of Pennsylvania, which is the subject of this order.  On February 24, 2005, Whab filed the instant habeas corpus petition pursuant to 28

3

U.S.C. § 2241 alleging due process violations in his immigration court proceedings, seeking adjustment of his residency status, and challenging his continued detention. The petition was docketed to number CV-05-402 and was originally assigned to United States District Judge Malcolm Muir.

Also on February 24, 2005, Whab filed a § 2241 petition docketed to CV-05-403.  That petition, which was also assigned and remains assigned to Judge Muir, challenged Whab's criminal conviction in the Southern District of New York.  Judge Muir dismissed that petition for lack of jurisdiction on March 9, 2005, and Whab's motion for reconsideration is currently pending on that docket.

On or about April 5, 2005, petitioner requested an emergency stay of his removal to Egypt.  (Rec. Doc. No. 7.)  Whab alleged that he had previously been tortured in Egypt and requested that the court direct respondents to apply on petitioner's behalf for political asylum in either Switzerland, Holland, Germany, Austria, Netherlands, or England.  (Rec. Doc. No. 7.)  On April 7, 2005, Judge Muir stayed Whab's removal pending disposition of the instant habeas corpus petition.  Judge Muir in his April 27, 2005 order transferred the petition to the undersigned District Judge.  (Rec. Doc. No. 16.)

On April 15, 2005, Whab filed his most recent petition, which is also addressed in this order, under 28 U.S.C. § 2241 which has been docketed to 4:CV-

05-0763.[5]  In that § 2241 petition, Whab raised 32 grounds challenging his criminal conviction in the Southern District of New York.  On June 28, 2004, Judge Colleen McMahon of the Southern District of New York denied Whab's motions under § 2255.[6]  On April 4, 2005, the Second Circuit dismissed Whab's appeal, and denied Whab's motion for a certificate of appealability because he had failed to make a substantial showing of the denial of a constitutional right.  Abdel Whab v. United States,(2d Cir. Apr. 4, 2005) (No. 04-4386-pr).

On April 27, 2005, Whab requested that he be released from ICE custody in order to take care of his ill wife.  (Rec. Doc. No. 15.)

---

[5] We note that the envelope containing Whab's petition spelled his name as "Whab" while his petition spelled it "Wahab."  The envelope also stated "Please refer this case to District Judge 'Muir.'"

[6] A search of the electronic docket reveals Whab has filed six motions under § 2255 in the Southern District of New York.  The first three motions were dismissed as premature.  See Abdel-Wahab v. United States, (S.D.N.Y. dismissed Sept. 12, 2002) (No.1:CV-02-7336) (Mukasey, J.), Abdel-Wahab v. United States, (S.D.N.Y. dismissed Sept. 12, 2002) (No. 1:CV-02-7337) (Mukasey, J.), Abdel-Whab v. United States, (S.D.N.Y. dismissed Nov. 11, 2002) (No. 1:CV-02-9038) (Mukasey, J.).  On June 28, 2004, Whab's fourth motion under § 2255, was denied and certificate of appealability was not issued.  Abdel Whab v. United States, (S.D.N.Y. denied June 28, 2004) (No. 7:CV-04-2720) (McMahon, J.).  On March 25, 2005, Whab filed two more motions which were directly transferred to the Second Circuit. Abdel-Whab v. United States, (S.D.N.Y. transferred Mar. 25, 2005) (No. 1:CV-05-3283) (Mukasey, J.);  Abdel-Whab v. United States, (S.D.N.Y. transferred Mar. 25, 2005) (No. 1:CV-05-3283) (Mukasey, J.).

## II. Whab's Seven § 2241 Petitions, the Petition Docketed to CV-05-402 & Abuse of the Writ

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991). The doctrine prevents a petitioner from filing a second or subsequent petition unless he can show "cause and prejudice." Id. at 494-95. Or if there is a "fundamental miscarriage of justice" if the court were to fail to entertain the claim. Id. at 494-94.[7] The burden of demonstrating abuse of the writ initially rests with the government, but shifts to the petitioner when the government meets that burden. Id. at 495.

Whab contends that the abuse of the writ doctrine does not apply to aliens contesting their removal. (Rec. Doc. No. 14, at 4-7.) His position is without merit. See Zayas v. INS, 311 F.3d 247, 256-258 (3d Cir. 2002)(upholding application of abuse of the writ doctrine to alien petitioners); see also Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004).

In the instant case the government has documented the extensive history of

---

[7]This situation may arise where "a petitioner supplements a constitutional claim with a 'colorable showing of factual innocence.'" See McCleskey, 499 U.S. at 494-95 (quoting Kulmann v.Wilson, 477 U.S. 436, 454 (1986)).

Whab's petitions and noted the identical nature of Whab's claims.  (See Rec. Doc. No. 11.)  Whab has demonstrated no exception to the abuse of the writ doctrine to warrant our review of his petition on the merits.  As Judge Joyner noted in dismissing Whab's third petition for abuse of the writ, the undersigned district judge has already addressed Whab's arguments in our December 22, 2004 order.  See Abdel-Whab v. Ridge, 2005 WL 551352 (E.D. Pa. Mar. 3, 2005.) (Joyner, J.).  Whab did not appeal that order.

Whab is the same party now raising issues identical to those raised in his first and third petitions.  On December 22, 2004, we dismissed his first petition.  On March 3, 2005, the United States District Court for the Eastern District of Pennsylvania dismissed Whab's petition for abuse of the writ.  Whab has had a full and fair opportunity to litigate the issues raised in his petitions.

The doctrine of abuse of the writ is equitable in nature.  See Esposito, 392 F.3d at 550 (quoting McCleskey, 499 U.S. at 484-85) ("equitable principles govern abuse of the writ, including the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks").  Whab's conduct in filing serial petitions raising identical issues throughout the district courts of this circuit clearly indicates that he has abused the petition process and is not entitled to the relief he seeks.  Therefore, we will dismiss Whab's § 2241 petition docketed at 05-

402 for abuse of the writ.

### III.  Whab's Stay & Request for Humanitarian Relief

Whab secured a stay from Judge Muir on April 7, 2005.  In Whab's request for humanitarian and emergency relief presented to Judge Muir, he stated he was "tortured before in Egypt in 1998 and 1999 and spent about 7 month [sic] detention in Egyptian Jail for nothing."  (Pet'rs Req. Humanitarian & Emergency Relief, Rec. Doc. No. 7, at 1.)  He described his torture in Egypt with gruesome details.  (Id. at 1-2.)  However, in a previous filing related to his § 2241 petition docketed at number 4:CV-04-787, which appeared before Magistrate Judge Mannion and the undersigned district judge, Whab requested that we grant him voluntary departure to the country of his choice for different reasons.  On or about August 26, 2004, petitioner stated his request for a voluntary departure should be granted because:

> The Egyptian Government detain [sic] all persons who return to Egypt as result to [sic] deportation, and torture them and treat them as security risks.  Petitioner will deport to different country to avoid military prosecution in Egypt, because petitioner failed to appear to [sic] mandatory military service in Egypt, because at that [sic] time which petitioner was suppose to appear for military, petitioner was detained by INS in the U.S..

Pet'r's Mot. Req. Additional Reliefs, Aug. 26, 2004, Rec. Doc. No. 44, at 1-2, Abdel Whab v. Ridge, (M.D. Pa. 2004) (No. 4:CV-04-787) (McClure, J.).

Furthermore, in the IJ's January 30, 2004 order of removal it was noted that:

> [Whab] has also indicated the fear of returning to Egypt
> where he may be subjected to mandatory draft. The
> court pointed out to the respondent every sovereign
> country has the right to require a draft and the respondent
> may find himself in military uniform upon his return. That
> is not a basis upon which the court can permit him to
> seek asylum or any related relief.

(Rec. Doc. No. 11, Ex. 16, at 4 n.1.)

We find it highly implausible that Whab would have omitted his personal experiences with torture in Egypt from both his request for voluntary departure before the IJ and his earlier motion before this court, if the alleged torture actually occurred.

    IV.  <u>Whab's Petition docketed to 4:CV-05-0763 Raises § 2255 Challenges</u>

    On April 15, 2005, Whab filed a petition with the Middle District that challenges the execution of his sentence and conviction in the Southern District of New York for passport fraud under 18 U.S.C. § 1542 and for making a false statement to a government agent under 18 U.S.C. § 1001. The United States District Court for the Southern District of New York denied Whab's motion under 28 U.S.C. § 2255 and the Second Circuit affirmed. Whab asserts that his "relief under 28 U.S.C. § 2255 is ineffective, slow, complex, inadequate and waste of time and freedom." Pet., Apr. 15, 2005, Rec. Doc. No. 1, at 2, <u>Abdel Wahab v. U.S.</u>

9

Attorney General, (M.D. Pa. 2005) (No. 4:CV-05-0763) (McClure, J.).

The petition docketed to Middle District docket number CV-05-0763, like Whab's petitions docketed to Middle District docket number CV-05-403 and Eastern District docket number CV-05-59, challenges his criminal conviction as a type of objection typically brought by a motion under 28 U.S.C. § 2255. The text of § 2255 provides that where a motion under § 2255 would provide a remedy that is "inadequate or ineffective" then a prisoner is entitled to apply for a writ of habeas corpus and a court is entitled to grant relief under 28 U.S.C. § 2241. 28 U.S.C. § 2255, ¶ 5; United States v. Brooks, 230 F.3d 643, 646-47 (3d Cir. 2000). However, Whab's contention that the process for raising objections is slow and complex does not render his motions under § 2255 ineffective or inadequate. See Millian-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (doubts about the administration of a § 2255 motion in a particular case do not make it ineffective.)

Although Whab recites that his motions are ineffective or inadequate, Whab's challenges to his conviction may be raised by a second § 2255 motion which must first be authorized by the United States Court of Appeals for the Second Circuit in accordance with the requirements of 28 U.S.C. § 2244. See Brooks, 230 F.3d at 648 (discussing common theme of circuit court opinions that where recourse to § 2241 for a § 2255 challenge is granted are circumstances where

<u>petitioner would have no other means</u> of having his claim heard).  Whab cannot skirt the strict gate keeping requirements of § 2255 by simply reciting that the mechanism is inadequate and ineffective because it has not provided the outcome he desired.  Therefore, we must also dismiss Whab's § 2241 petition docketed to CV-05-763 because he still may file a second motion under § 2255 with the permission of the United States Court of Appeals for the Second Circuit.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Respondent's motion to lift the stay of removal docketed to 4:CV-05-402 is granted (Rec. Doc. No. 12) and the stay is lifted.

2.  Whab's request for release docketed to 4:CV-05-402 is denied as moot (Rec. Doc. No. 15).

3.  Whab's petition docketed to 4:CV-05-402 is dismissed for abuse of the writ.  (Rec. Doc. No. 1.)

4.  Whab's petition docketed to 4:CV-05-763 is also dismissed because he may challenge his conviction via a second motion under § 2255 with the permission of the United States Court of Appeals for the Second Circuit  (Rec. Doc. No. 1).

5. The clerk is directed to docket this order to both 4:CV-05-402 and 4:CV-05-763 and then to close both files.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
